CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

MAY 06 2024

LAURA A. AUSTIN, CLERK
BY: [signature]
DEPUTY CLERK

Jones
District Judge
Assign. by Clerk's Ofc.

S. Sargent
Mag. Referral Judge
Assign. by Clerk's Ofc.

IN THE UNITED STATES DISTRICT COURT
for the WESTERN DISTRICT OF VIRGINIA

For use by Inmates filing a Complaint under → and 28 U.S.C. §1367

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)**

KEVIN A. WATSON
Plaintiff full name

1003366
Inmate No.

v.

**CIVIL ACTION NO.** 7:24-cv-00298
(Assigned by Clerk's Office)

M. HAMILTON, et al.,
Defendant(s) full name(s) All defendants are represented by Va. Atty. General Jason S. Miyares, at: 202 North 9th street Richmond, VA. 23219

*************************************************************************

**A.** **Where are you now?** Name ***and*** address of facility Red Onion State Prison, P.O. Box 970, Pound, VA 24279

**B.** Where did this action take place? Red Onion State Prison

**C.** Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

✓ Yes ____ No

If your answer to A is Yes, answer the following:

1. Court: U.S. District Court
2. Case Number: 7:23-cv-00482, dismissed on 5/5/24

**D.** Have you filed any grievances regarding the facts of this complaint?

✓ Yes ____ No

1. If your answer is Yes, indicate the result:

______________________________

______________________________

2. If your answer is No, indicate why:

**E.** Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

Please see attached pages 3-53

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

N/A

**F.** State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

Please see Pages 3-53

**G.** If this case goes to trial, do you request a trial by jury? Yes ✓ No ____

**H.** If I am released or transferred, I understand it is my responsibility to immediately notify the court in writing of any change of address ***after*** I have been released or transferred or my case may be dismissed.

SIGNATURE: Kevin A. Watson Date 4/28/24

VERIFICATION:
I, KEVIN A. WATSON, state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

SIGNATURE: Kevin A. Watson Date: 4/28/24

## CLAIM A

Plaintiff alleges: "(1) Defendant M. Hamilton in her individual capacity acting under color of State law as a ("VA.DOC")/("R.O.S.P") Medical Department employee retaliated against him in violation of the U.S. Constitution First Amendment, (2) he engaged in a Protected First Amendment activity-Free exercise of religion, (3) Defendant was aware of him engaging in exercising of his religion Protected right before she took adverse action against him by writing a false Prison disciplinary charge that adversely affected his First Amendment rights and (4) there was a causal Connection between his Protected activity and her adverse action".

## FACTS

1. Plaintiff a Virginia Deparment of Corrections ("VA.DOC") State inmate was being housed at Red Onion State Prison ("R.O.S.P.") on July 11, 2022.

2. Defendant Ms. M. Hamilton was a ("VA. DOC") and ("R. O. S. P.") Medical Department employee on July 11, 2022, working as a Nurse-RN.

3. ON July 11, 2022, Defendant Ms. Hamilton requested Plaintiff to participate in the yearly testing For the Tuberculosis ("TB") disease. She gave Plaintiff a ("VA. DOC") Medical Department ("TB") sympton questionaire document to Complete.

4. Plaintiff completed the ("TB") sympton Questionaire document by answering "NO" to all the questions, signed it and return it to Defendant Ms. Hamilton.

5. ON July 11th and 20th of 2022, Defendant Ms. Hamilton requested the Plaintiff to allow her to conduct the ("TB") skin injection chemical test ("PPd") upon him. Plaintiff refused to allow her to conduct the skin injection chemical test upon religious grounds, but requested Defendant Ms. Hamilton to take a Chest X-Ray as he had received in years 2019, 2020 and 2021.

6. On July 11th and 20th of 2022, Plaintiff informed Defendant Ms. Hamilton that his ("VA.DOC") and ("R.O.S.P.") Medical Department records would verify that ("VA.DOC") and ("R.O.S.P.") Medical Department had Provided him a Chest X-Ray as an alternative for the Skin injection chemical test for religious reason(s).

7. On July 20, 2022, Defendant Ms. Hamilton wrote Plaintiff a ("VA.DOC") Prison disciplinary Charge for failure to allow her to conduct the ("TB") Skin injection chemical test upon him. ["ROSP" Offender Disciplinary Offense Report Case# ROSP-2022-1397]. Plaintiff was Provided a Penalty offer of 90 days loss of good time. Plaintiff refused the Penalty offer to receive a disciplinary hearing for said Charge.

8. On August 19, 2022, ("R.O.S.P.") Disciplinary Hearing Officer K.D. Ramey held Plaintiff's hearing on said charge. Plaintiff pleaded not guilty and Presented the defense that Federal Statute 42 U.S.C. § 2000cc-1 et seq., The Religious Land use and Institutionalized Persons Act ("RLUIPA") and U.S. Supreme Court case laws required Prison officials' to Provide him an →

alternative for the ("TB") skin injection chemical test as the least restrictive means. Plaintiff testified he asked Defendant Ms. Hamilton for a chest X-Ray as the least restrictive means upon religious grounds and as he had received in passed years. ["VA.DOC", Disciplinary Hearing Tape # ROSP-2022-1397, August 19, 2022].

9. At the hearing Defendant Ms. Hamilton verified that Plaintiff's Medical records showed that he had infact received a chest X-Ray for the ("TB") skin injection chemical testing last year 2021 and for a few Years. [Decision of The Hearing officer Case # ROSP-2022-1397, August 19, 2022]. Defendant Ms. Hamilton testified also that ("VA.DOC") and ("ROSP") Medical Department is no longer offering Chest X-Rays due to change in policy. [Hearing Tape # supra.]

10. Plaintiff produced ("VA.DOC") Policy-OP 740.1 that governs the issue at the hearing, that did not state ("VA.DOC") is no longer offering chest X-Rays. [Hearing Tape # supra.]

Plaintiff requested new alleged Policy to be Produced at the hearing that specifically Stated ("VA. DOC")/("R.O.S.P.") do not do chest X-Rays anymore. Hearing officer Ms. Ramey determine the requested new Policy was relevant and would be Produced at the hearing. [Request For Documentary Evidence, case # ROSP-2022-1397]. The alleged new policy was not Produced at the hearing and was not made a Part of the Prison disciplinary hearing appeal record. [Hearing Tape # Supra; Disciplinary Appeal Level One and Two, Case # ROSP-2022-1397]

11. Hearing officer Ms. Ramey Found Plaintiff guilty of said Charge and she imposed a 90 day loss of good time as the Penalty. [Decision of the Hearing officer, supra.]

12. On August 3, 2023, Plaintiff filed a federal Writ of habeas Corpus in this U.S. District Court inregards to said Prison disciplinary hearing Proceeding. [Watson v Dotson, U.S. Dist. Ct. (W.D. VA., Roanoke Div.) Case No. 7: 23-cv-00482]

Respondent ("VA.DOC") Director Mr. C. Dotson in the Habeas Corpus proceeding in this Court, administratively overturn the August 19, 2022 Prison disciplinary hearing guilty decision and restored Plaintiff's loss good time. [U.S. Dist., Case No. Supra.] ON March 5, 2024, the U.S. District Court dismissed the habeas corpus without Prejudice upon Plaintiff's Motion for Voluntary dismissal. Id..

## RELIEF

Against Defendant Ms. Hamilton, Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in Punitive damages, for the violation of his U.S. Constitution first Amendment retaliation and religion clauses.

## CLAIM B

Plaintiff alleges: "(1) Defendant Ms. K. D. Ramey in her individual capacity acting under color of State law as a ("VA.DOC")/("ROSP") Offender Disciplinary Hearing Department →

employee retaliated against him in violation of the U.S. Constitution First Amendment (2) he engaged in a Protected First Amendment activities-free exercise of religion and excising the right of access to courts' (3) she was aware of him engaging in said Federal rights before she took adverse action against him by finding him guilty of the false disciplinary charge and expressing her animosity at the disciplinary hearing when she stated; "I do not apply Federal law in my hearings", and (4) there was a causal connection between his protected activities and her adverse action(s).

## FACTS

1. On July 20, 2022, ("VA. DOC")/("ROSP") medical Department employee Nurse Ms. M. Hamilton wrote Plaintiff a ("VA. DOC") Prison disciplinary charge for failure to allow her to conduct the ("TB") skin injection chemical test upon him. [Offender Disciplinary Offense Report Case # ROSP-2022-1397] Plaintiff was provided a penalty offer of 90 days loss of good time →

Plaintiff refused the penalty offer to receive a disciplinary hearing for said charge.

2. On August 19, 2022, ("R.O.S.P") Disciplinary hearing officer Defendant Ms. Ramey held Plaintiff's disciplinary hearing on said charge. Plaintiff pleaded not guilty and presented the defense that federal statute 42 U.S.C. § 2000cc-1 et seq., ("RLUIPA") and U.S. Supreme Court Case laws require prison officials' to provide him an alternative for the ("TB") skin injection chemical test as the least restrictive means. ["VA. DOC" Disciplinary Hearing Tape # ROSP-2022-1397, August 19, 2022]

3. At the hearing Nurse Ms. Hamilton verified that Plaintiff's medical records showed that he had in fact received a chest X-Ray for the ("TB") test last year 2021 and for a few years. [Decision of The Hearing Officer, Case # ROSP-2022-1397, August 19, 2022]. Ms. Hamilton stated also that ("VA. DOC") and ("ROSP") Medical Department is no longer offering chest X-Rays due to change in policy. [Hearing Tape # supra.]

4. Plaintiff Produced ("VA. DOC") latest Policy - OP 740.1 at the hearing that governs the issue, that did not state ("VA. DOC") is no longer offering chest X-rays. [Hearing Tape # supra.] Plaintiff requesed alleged new Policy to be Produced at the hearing that specifically stated ("VA. DOC") / ("ROSP") do not do chest X-rays any more. The Defendant Ms. Ramey determine the requested new policy was relevant and would be Produced at the hearing. [Request for Documentary evidence, Case # ROSP-2022-1397]. The alleged new Policy was not produced at the hearing and was not made apart of the disciplinary hearing Appeal record. [Hearing Tape # supra., / Disciplinary Appeal Level one and two; Case # ROSP-2022-1397].

5. Plaintiff quoted relevant federal laws at the hearing for Defendant Ms. Ramey to apply to the facts of case, She stated; "I do not apply federal laws in my hearings". [Hearing Tape # supra.] ["VA. DOC" Policy - OP 861.1 governing Offender Disciplinary Hearing proceeding, Compliance Section states in relevant part; "this operating Procedure shall comply with all federal laws". Id..

Defendant Ms. Ramey thereafter found the Plaintiff guilty of said Charge, and imposed a 90 day loss of good time as the Penalty. [Decision of the Hearing officer, supra..]

6. Respondent ("VA. DOC") Director Mr. C. Dotson in the Habeas Corpus Proceeding in this Court, administratively overturn the August 19, 2022, Prison disciplinary hearing guilty decision and restored Plaintiff's loss good time [U.S. Dist. Ct., (W. Dist. of VA. Roanoke Div.) Case # 7:23-cv-00482] On March 5, 2024, this Court dismissed the habeas Corpus without prejudice upon Plaintiff's Motion for voluntary dismissal. Id..

## RELIEF

Against Defendant Ms. Ramey, Plaintiff request $85,000.00 in Compensatory damages and $85,000.00 in Punitive damages, for the violation of his U.S. Constitution first Amendment retaliation and religion clauses.

## CLAIM C

Plaintiff alleges: "(1) Defendant Mr. R. White in his individual Capacity acting under color of state law as a ("VA. DOC")/("ROSP") Warden employee failed to investigate and Correct a federal law violation presented to him in a Prison offender disciplinary Appeal in violation of the U.S.-Constitution 14th Amendment-Procedural Due Process Clause, (2) Mr. White as a Warden is designated by ("VA. DOC") Policy-OP861.1 to decide offender disciplinary Appeal Level One, has the duties to Conduct at least a minimal investigation when confronted with evidence of federal law violation, and he has a duty to correct said violation, and (3) Mr. White received evidence of a Federal law-42 U.S.C. § 2000cc-1 et. seq., (RLUIPA) violation in ("VA. DOC") Offender Disciplinary Appeal Level One, Case # ROSP-2022-1397.

## FACTS

1. On September 13, 2022, Plaintiff submitted to ("ROSP") Defendant Warden-Mr. White an Offender Disciplinary Appeal Leve One:

[("VA.DOC"- Offender Disciplinary Appeal Level one Case# ROSP-2022-1397.]
Plaintiff alleged in his Appeal- Issue "B" that ("VA.DOC") and ("ROSP") Medical Department staff violated his federal statutory religious right under 42 U.S.C § 2000cc-1 et. seq. (RLUIPA) by failing to provide him a less restrictive means for the ("TB") skin injection chemical test. Id..

2. The facility Unit Head (Warden) shall review the offender Disciplinary Appeal Level one, including listening to the hearing tape. The facility Unit Head shall uphold the guilty decision, vacate it, order a rehearing, or dismiss the charge. ("VA. DOC") Policy-OP 861.1.

3. Defendant Mr. White in his response to Plaintiff's Appeal Level one, Issue "B" stated; "Point #2- This test is not a vaccine but preventative therapy. Nurse Hamilton stated that it was explained to you that you have the right to refuse, but you will receive a charge for refusal to participate in Preventative/Prophylatic Therapies. You admitted you refused and you received a charge according to policy."

Based on the information presented, I find no major procedural errors to modify or over turn the action of the Hearing officer. I agree with and uphold the decision made in this case." ["VA.DOC" Offender Disciplinary Appeal Level One Response, Case# ROSP-2022-1397, October 19, 2022]

4. Respondent ("VA. DOC") Director Mr. C. Dotson in Federal Habeas Corpus Proceeding in this Court administratively overturn Plaintiff's said disciplinary Charge. [U.S. Dist. Ct. (W.D. VA. Roanoke Div.) case# 7:23-cv-00482].

## RELIEF

Against Defendant Mr. R. White, Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in Punitive damages for the violation of his U.S.- Constitution 14th Amendment Procedural Due Process Clause.

## CLAIM D

Plaintiff alleges: "(1) Defendant Mr. C.A. Manis in his individual capacity acting under color of state law as a ("VA. DOC") Regional Administrator employee →

failed to investigate and Correct a Federal law violation Presented to him in a Prison offender disciplinary Appeal in violation of the U.S.- Constitution 14th Amendment-Procedural Due Process Clause, (2) Mr. Manis as a Regional Administrator is designated by ("VA. DOC") Policy- OP861.1 to decide offender disciplinary Appeal Leve Two, has the duty to conduct at least a minimal investigation when Confronted with evidence of federal law violation, and he has a duty to correct said violations, and (3) Mr. Manis received evidence of a Federal law- 42 U.S.C.§2000cc-1 et. seq., (RLUIPA) violation in ("VA.DOC") Offender Disciplinary Appeal Level Two, Case# ROSP-2022-1397, Log#22-1164.

## FACTS

1. On October 24, 2022, Plaintiff submitted to ("VA. DOC") Defendant Wester Regional Administrator Mr. Manis an Offender Discidinary Appeal Level Two. ["VA. DOC" Offender Disciplinary Appeal Level Two, Case # ROSP-2022-1397, Log# 22-1164.]
Plaintiff alleged in his Appeal Level Two the same three issues (Issues A-C) that he had raised in his Appeal Level One. Id..

2. The Regional Administrator shall review the Offender Disciplinary Appeal Level Two, including listening to the hearing tape. The Administrator shall uphold the guilty decision, vacate it, order a rehearing or dismiss the Charge. ("VA. DOC") Policy - OP861.1.

3. Defendant Mr. Manis in his response to Plaintiff's Level Two Appeal, Issue "B", stated; "The Contentions you Presented with your Level Two Appeal were only facsimiles of contentions already answered in full with your level one Appeal Response and/or during your original hearing. The Purpose of the Level Two Appeal is not to allow you to argue the facts of your case once more. You are not given the choice to unilaterally exempt yourself from the Policy without a mandatory Penalty of loss of 90 days good time. Upon review of all documents submitted and listening of the audio recording of your hearing, this office finds no Procedural errors, Thus, the charge is upheld." ["VA. DOC" Offender Disciplinary Appeal Level Two Response, Case# supra, and Log# supra.]

4. Respondent ("VA. DOC") Director Mr. C. Dotson in Federal Habeas Corpus Proceeding in this court administratively over turned Plaintiff's said disciplinary charge. [U.S. Dist. Ct. (W.D.VA. Roanoke Div.) Case # 7:23-cv-00482].

## RELIEF

Against Defendant Mr. C.A. Manis, Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in Punitive damages for the violation of his U.S. Constitution 14th Amendment - Procedural Due Process Clause.

## CLAIM E

Plaintiff alleges, Defendant Mr. C. Dotson in his official capacity acting under color of state law as ("VA. DOC") Director employee has failed to approve an alternative for the ("TB") skin injection chemical test as the least restrictive means in violation of 42 U.S.C. § 2000cc-1 et. seq., (RLUIPA).

## FACTS

1. Defendant Mr. Dotson is the Director of the ("VA. DOC") and he has the duty to ensure his ("VA. DOC") employees comply with all Federal laws in their daily operation of the ("VA. DOC") facilities.

2. On or about December 19, 2023, Defendant Mr. Dotson administratively overturned Plaintiff's Prison disciplinary conviction, offense code 119 (A)-failure to Participate in ("TB") testing and he reinstated the loss good time. [Watson v Dotson, U.S. Dist. Ct. (W.D. VA. Roanoke Div.) Case# 7:23-cv-00482]

3. Defendant Mr. Dotson after learning of ("VA. DOC") lack of an alternative for the ("TB") skin injection chemical test as the least restrictive means to comply with Federal law ("RLUIPA"), he has not corrected this federal violation.

## RELIEF

Plaintiff seeks only injunctive relief against Defendant Mr. Dotson in his official capacity as ("VA. DOC") Director. Plaintiff request Mr. Dotson to approve an alternative for the ("TB") skin injection →

chemical test to be implemented by all ("VA.DOC") facilities Medical Departments as the least restrictive means to comply with Federal law- ("RLUIPA"). Secondly, Plaintiff request an injunction against ("VA. DOC") facilities Medical Departments staff applying Operating Procedure 861.1 offense code 119 (A) against him before Mr. Dotson approve requested alternative.

## CLAIM F

Plaintiff alleges: "(1) Defendant(s) Ms. M. Hamilton, Ms. L. N. Holbrook, Mr. D. Trent, and Ms. A. Duncan in their individual Capacities acting under color of State law as ("VA. DOC")/("ROSP") employees Conspired among themselves to commit unconstitutional acts against him as a form of retaliation in violation of 42 U.S.C. § 1983 and 1985 (3); (2) he is an African-American (Black) Person and a member of a Muslim religion group at ("ROSP"), (3) All Defendant(s) are American (white) People, (4) the object and Purpose of their conspiracy was to deprive Plaintiff of his religion right, the right to adequate Medical Care, and the right to be ⇒

Free of retaliation, (5) their conspiracy was motivated by racial invidiously discriminatory animus designed to deprive plaintiff of the equal protection of the law, (6) Defendant(s) refusal to provide Plaintiff a medical exemption is the overt act in furtherance of their conspiracy and (7) Defendant(s) said overt act caused injury to Plaintiff a U.S. Citizen.

## FACTS

1. On July 20, 2022, Defendant Nurse Ms. Ms. Hamilton ("ROSP") Medical Department employee in A-6 Building entrance hallway requested offender Derrick A. Edwards #1321042 and Plaintiff to allow her to administer the ("TB") skin injection chemical test on them. [Approximate time 9:00 A.M.] Mr. Edwards and Plaintiff refused on religious grounds, but requested to take a chest X-Ray as a less restrictive means per federal law - ("RLUIPA"). Plaintiff explained to Defendant Ms. Hamilton that his ("ROSP") medical record will show ("ROSP") medical Dept. in Year 2021 allowed him to take a chest X-Ray as a less restrictive means for religious reasons per federal law - ("RLUIPA").→

Ms. Hamilton then stated in an aggravating tone; "I'm not going to argue with y'all and y'all will receive a charge." When leaving out the door, Plaintiff heard Ms. Hamilton tell nurse Ms. W. McCoy, "I hate black Muslims for thinking they can use their religion as an excuse for everything, trying to make us believe their religious lies." Plaintiff asked Mr. Edwards did he hear what Ms. Hamilton said, he confirmed that he heard the same statement.

2. On Novembe 7, 2022, Plaintiff submitted a ("VA.DOC")/("ROSP") facility Request Form to ("ROSP") Medical Department Administrator, requesting a Chest X-Ray as a medical exemption for the ("TB") skin injection chemical test because of his religious belief restriction. Medical Staff schedule Plaintiff to see Health Care Provider.

3. On November, 10, 2022, Defendant Nurse Ms.-L.N. Holbrook responded, stating: "Chest X-Ray is not a screen for TB."

4. On November 18, 2022, Plaintiff submitted a ("VA.DOC") Written Complaint to ("ROSP") Medical Department Administrator alleging that the Health Care Provider is refusing to provide Plaintiff a medical exemption for the ("TB") skin injection chemical test in violation of Federal law-("RLUIPA"). [ROSP-22-INF-03174] Defendant Mr. D. Trent, RNCB responded and stated; "Please provide us the name of your religion so we can fully understand what you are referring".

5. On December 15, 2022, Plaintiff submitted a ("VA.DOC") / ("ROSP") facility Request Form to Defendant Mr.-Trent telling him specifically the name of Plaintiff's religion and why he was requesting the medical exemption. Defendant Ms. Hamilton responded to the request form stating: "Spoke with operation Manager Duncan [Defendant Ms. A. Duncan] she stated we do not have any religious exemptions for the ("TB") PPd test."

6. On December 15, 2022, Plaintiff submitted a ("VA.DOC") Regular Grievance about the issue and about staff violating Federal law-("RLUIPA"); →

("ROSP") Grievance Ombudsman C. Meade did not log the Grievance because it was repetitive to Regular Grievance Log#00369. The issue in Regular Grievance Log#00369, was how Defendant Ms.-Duncan's refusal to approve Plaintiff's medical accommodation request violated Federal law-("RLUIPA").

## RELIEF

Against each Defendant individually, Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in Punitive damages for their violation of 42 U.S.C. Sections 1983 and 1985(3).

## CLAIM G

Plaintiff alleges: Defendant Mr. M.E. Englke in his individual and official Capacities acting under color of State law as ("VA.DOC") Director of food Service employee refused to Approve Plaintiff's religious diet request in violation of the U.S.-Constitution First Amendment and Federal Statute 42U.S.C. § 2000cc-1et.seq. ("RLUIPA"),

# FACTS

1. On December 7, 2022, Plaintiff submitted to Defendant Mr. Engelke, a religious accommodation request, requesting him to approval a food nutritional accommodation for Plaintiff's religious belief dietary restriction law: "I shall not eat any harmful food". Plaintiff explained in his request that as a member of the Nation of Gods/Earth religion, he is currently on the Common Fare diet. Plaintiff recently discovered that his religion Forbids him to eat any harmful foods in addition to Pork. Plaintiff stated until recently, it was his understanding that Pork was the only food Forbiding to eat. His religion authority has Corrected his misunderstanding by expressing to him: "I shall not eat any harmful foods and this Commandment is not limit to Pork".
Plaintiff alleged in his request that the United States Food Drug Administration ("U.S. FDA") the medical Community and Nutritional Community has determine the following list of Food ingredients to be harmful and not to be eating for several health reason(s): "Corn, Wheat, →

Flour, Soy, Sugar, MSG, EDTA, Phosphates, Gluten, Peanuts, High fructose Corn Syrup, saccharin, Artifical Colors, refined Carbs, Saturated, Hydrogenated and trans fat!" Plaintiff alleged also, the foods that being served on the Common Fare and the Seal Meal contains the above list of ingredients. Plaintiff in closing requested Defendant Mr. Engelke to provide him a religious diet that does not contain any of the above listed harmful ingredients.

2. On December 20, 2022, Defendant Mr. Engelke, responded to Plaintiff's request explaining ("VA.DOC") religious Program policy and included a blank form to complete to be removed from Common Fare diet to be added to sealed religious diet.

3. On December 22, 2022, Plaintiff submitted a ("VA. DOC") Regular Grievance, about Defendant Mr. Engelke's refusal to approve his religion diet request. ("ROSP" Grievance ombudsman did not log it because of repetitive to Regular Grievance Log# 00370.

## RELIEF

Against Defendant Mr. Engelke, in his individual Capacity Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in punitive damages for the violation of Plaintiff's U.S. Constitution First Amendment religion right clause. Secondly, against Defendant Mr. Engelke in his official capacity as (VA. DOC) food Service Director, Plaintiff request only an injuction that Defendant Approve his religion diet request and provide Plaintiff a nutritional 2,000 calory diet without the said harmful food ingredients.

## CLAIM H

Plaintiff alleges: "(1) Defendant(s) T. Fletcher, M. Owens, K. Almarode and N. Keeney in their individual capacities acting under Color of State law as ("VA. DOC")/("ROSP") Food Service Department employees interfered with and failed to carry out his serious medical no-milk diet order with deliberate indifference in violation of the U.S. Constitution 8th Amendment - Cruel and unusal Punishment clause, (2) Defendant(s) had →

actual knowledge of the serious medical no-milk diet order and (3) Defendant(s) disregarded it by failure to provide a substitution for the no-milk diet.

## FACTS

1. On June 25, 2021, ("VA.DOC")/("ROSP") Medical Department employee Doctor Mr. K. Fox upon Plaintiff's blood analysis test results determine that Plaintiff was allergic to milk and eggs. On said date Doctor Mr. Fox issued Plaintiff a therapeutic diet order and it stated: "The following diet order do not expire and no renewal is needed." Dr. Fox checked the Allergy box and wrote milk and eggs. The diet order was provided also to ("ROSP") Food Service Department (Kitchen) to implement by providing Plaintiff a substitution at feeding time for the no-milk and no-eggs.

2. From June 21, 2021 until May 2, 2023, ("ROSP") Food Service implemented the no-milk diet order by providing Plaintiff two juices as a substitute for two milks when it was served.

3. On May 2, 2023, at Approx. 7:10 A.M. breakfast time, Plaintiff requested Defendant ("ROSP") Food Service Department (Kitchen) Supervisor Fletcher for his No-milk diet order substitution. She stated; I do not do medical milk restriction". On said date, Plaintiff filed a ("VADOC") written Complaint about Defendant Fletcher's refusal to provide him a substitution for his no-milk diet medical order. [ROSP-23-INF-01608]

4. On May 11, 2023, Defendant ("ROSP") Food Service Department (Kitchen) Director K. Almarode responded to the written Complaint stating;" We do not have therapeutic diets for an intolerance only allergies. Therefore, a substitution is not required."

5. On May 24, 2023, Plaintiff filed a ("VA.DOC") Regular Grievance about ("ROSP") Food Service Supervisors refusal to provide him a substitution for his no-milk diet order and alleged it violated federal law. Also, alleged Foodservice must provide him a 2,000 calory diet daily and that they count milk calories to make up the total amount of 2,000 calories.→

On MAY 25, 2023, ("ROSP") Ombudsman C. Vilbrandt responded to the Regular Grievance stating; "Per N. Keeney ("VA.DOC") Director of Nutrition services, we do not have therapeutic diets for intolerances. Food Service can not offer you an alternative. Possibly address this with medical."

6. On June 13, 2023, Plaintiff filed a ("VA.DOC") Written Complaint about Food Service Supervisors willing to provide him substitution for one intolerance-"No eggs" and not another-"No milk". [ROSP-23-INF-02306]

Defendant ("ROSP") Food Supervisor M. Owens responded to the Written Complaint stating; "Food services goes by the standarized menu to provide an adequate nutritional meal. Food services provides substitutes for allergies. As for the milk intolerance you will need to talk with medical about getting a supplement for your milk."

7. On July 6, 2023, Plaintiff filed a ("VA.DOC") Regular Grievance about the issue and alleged that Doctor Fox told him on July 10, 2023, that he would contact ("ROSP") Food Supervisor to have him provide →

Plaintiff some type of substitution for the milk intolerance. [ROSP-23-REG-00378]

8. ("ROSP") Warden Mr. White gave a response to the Regular Grievance and stated; "Medical has requested that eggs and milk be replaced by something else with your meals. This is what your medical Provider has requested. Your current listed allergies include milk and eggs. The Lactaid was discontinued because milk was added to your allergy list. In accordance with the above information, this grievance is considered unfounded."

9. On July 26, 2023, Plaintiff appealed Mr. White's decision to ("VA. DOC") Health Services Director alleging Defendant Food supervisor Ms. Fletcher is telling Plaintiff after Mr. White's July 25, 2023 decision that she can not give Plaintiff a substitution for the milk allergy or Milk intolerance per ("VA. DOC") food Director. Director Assistant Mr. J. Dillman responded to the Appeal and stated; "Based on the information provided and upon further investigation, I concur with the Level One response and I have determined your grievance unfounded."

10. On July 28, 2023, at approx. 6:40 A.M. breakfast time, Plaintiff asked Defendant Ms. Fletcher For his no-milk allergy diet Substitution. She stated; "I can not give you a Substitution because DOC has not approved your milk allergy diet substitution."

11. From May 2, 2023 through the date of filing this Complaint said Defendant(s) has not implemented the No-milk allergy medical/diet order by providing Plaintiff a substitution for milk when it is served.

# RELIEF

Against each Defendant individually, Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in Punitive damages for their violation of the U.S. Constitution 8th Amendment- cruel and unusal Punishment clause.

## CLAIM I

Plaintiff alleges: "(1) Defendant John or Jane Doe in their individual Capacity acting under Color of State law as ("VA. DOC")/("ROSP") Food Service Department dietician employee interfered with his serious Medical no-Milk diet order with deliberate indifference in violation of the U.S. Constitution 8th Amendment Cruel and unusal punishment clause, (2) Defendant had actual knowledge of the serious Medical No-milk diet order, and (3) Defendant disregarded it by rescinding the medical diet order without authority.

## FACTS

1. On June 25, 2021, ("VA. DOC")/("ROSP") Medical Department employee Doctor Mr. K. Fox Approved a therapeutic diet order For Plaintiff and it Stated; "The following diet order do not expire and no renewal is needed. Dr. Fox checked the allergy Food box and wrote beside it: Milk and eggs. He also checked the "Yes" box beside the phrase: Documented in Offender Medical History.

The diet order was provided to ("ROSP") Food Service Department to implement by providing Plaintiff a substitution at feeding time for the no-milk and no-eggs.

2. From June 27, 2021 until May 2, 2023, ("ROSP") Food Service implemented the no-milk diet order by providing Plaintiff two juices as a substitute for two milks when it was served.

3. On June 14, 2023, ("ROSP") Food Service at lunch time served Plaintiff rice mixed with eggs. At the time that in-unit feeding was being conducted, A-6 Unit Manager Day was conducting security rounds for A-6 Pod. Plaintiff showed Mr. Day his Common-fare food tray that contained rice mixed with eggs. Mr. Day stated: " I will contact kitchen because I know you have a no-eggs Medical Profile."

4. On June 15, 2023, Mr. DAY and A-6 Pod Counselor at the time Mr. J. Owens called Plaintiff to A-6 Unit manager office. Mr. Day told Plaintiff that he was told on June 14, 2023→

that Doctor Fox on June 14, 2023, recinded the June 25, 2021 medical no-milk and no-eggs diet and that the Kitchen would no longer Provide Plaintiff a food substitution.

5. On June 15, 2023, Plaintiff filed a ("VA.DOC") Written Complaint against Doctor Fox alleging that he retaliated against him by recinding the June 25, 2021 Medical diet order for filing a grievance against Food Service staff for their failure to follow the diet order. [ROSP-23-INF-02367] ("ROSP") Medical Staff Mr. D. Trent, RNCB responded to the Written Complaint and stated; "Dr. Fox did not discontinue your allergy. This was done by dietician". Mr. Trent did not state the name of the dietician nor did he say ("VA.DOC") dietician or ("ROSP") dietician so that Plaintiff could adequately identify Defendant John or Jane Doe. Plaintiff will seek discovery to obtain this information to make the necessary amendment.

## RELIEF

Against Defendant John or Jane Doe, Plaintiff request \$25,000.00 in Compensatory damages and \$25,000.00 in Punitive damages for their violation of the U.S. →

Constitution 8th Amendment - cruel and unusal Punishment clause.

## CLAIM J

Plaintiff alleges: "(1) Defendant Mr. K. Fox in his individual Capacity acting under color of State law as ("VA. DOC")/("ROSP") Medical Department Doctor employee interfered with Plaintiff's Serious Medical no-milk and no-eggs diet order with deliberate indifference in violation of the U.S. Constitution 8th Amendment cruel and unusal Punishment clause, (2) Defendant had actual knowledge of the serious medical/diet order, and (3) Defendant disregarded it by rescinding the Medical diet order without authority.

## FACTS

1. On June 25, 2021, ("VA. DOC")/("ROSP") Medical Department employee Defendant Doctor Mr. K. Fox approved a therapeutic diet order for Plaintiff and it stated: "The following diet order do not expire and no renewal is needed."

2. On June 15, 2023, ("VA. DOC")/("ROSP") employee A-6 Building Unit Manager Mr. Day told Plaintiff that he was told on June 14, 2023, that Defendant Fox had recinded the June 25, 2021, medical diet on June 14, 2023.

3. Defendant Mr. Fox, on June 16, 2023, told Plaintiff during a medical visit that he did rescind his June 25, 2021 Medical diet order.

## RELIEF

Against Defendant Mr. K. Fox, Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in Punitive damages for his violation of the U.S. Constitution 8th Amendment-Cruel and unusual Punishment Clause.

## CLAIM K

Plaintiff alleges: "(1) Defendant M. Owens in her individual Capacity acting under color of state law as a ("VA. DOC")/("ROSP") Food Service Department employee retaliated against him in violation of the U.S. Constitution First Amendment-Petition Clause, (2) he engaged in a protected First Amendment activity→

the right to Petition the Government for a redress of grievances, (3) Defendant was aware of him engaging in exercising said right before she took adverse action against him by serving him eggs in violation of a Medical No-eggs diet order; and (4) there was a Causal Connection between his protected activity and her adverse action.

## FACTS

1. On June 29, 2023, Defendant Ms. Owens gave a response to Plaintiff's written Complaint Log# ROSP-23-INF-02306, that alleged a grievance against ("ROSP") Food Service Department for staff failure to provide him a substitution to comply with ("ROSP") Medical Department June 25, 2021 diet order.

2. On June 14, 2023, Defendant Ms. Owens was the Food Service Supervisor when eggs mixed with rice was served to Plaintiff on his common fare food tray. Plaintiff filed a ("VA. DOC") Written Complaint about the issue. [ ROSP-23-INF-02339 ] Defendant Ms. Owens gave a response stating; "The lunch meal for the Commonfare was Ranch Burgers without eggs."

3. On June 14, 2023, Plaintiff showed ("ROSP") A-6 Building Unit Manager Mr. Day the Common Fare food tray at lunch time that contain rice mixed with eggs as the main menu. Offenders Derrick A. Edwards #1321042 and Maurice Walters #1743669 who was assigned to receive Commonfare, received rice mixed with eggs on their Commonfare trays. Offender Daquan L. Saunders #1458253 was being housed at ("ROSP") A-6 Pod on said date and witness rice mixed with eggs served at lunch time on the Common fare tray.

## RELIEF

Against Defendant Ms. M. Owens, Plaintiff request \$25,000.00 in Compensatory damages and \$25,000.00 in Punitive damages for her violation of the U.S. Constitution First Amendment Petition Clause.

## CLAIM L

Plaintiff alleges: "(1) Defendant Mr. K. Fox in his individual Capacity acting under color of State law as a ("VA.DOC") / ("ROSP") Medical Department Doctor employee retaliated against him in violation of the U.S. Constitution 1st →

Amendment Petition Clause, (2) he engaged in a Protected First Amendment activity - the right to Petition the Government for a redress of grievances, (3) Defendant was aware of him engaging in exercising said right before he took adverse action against him by rescinding the June 25, 2021, Medical diet order that had no expiration date, and (4) there was a causal connection between his Protected activity and Defendant's adverse action.

## FACTS

1. On June 25, 2021, Defendant Mr. Fox approved a medical diet order for Plaintiff. It states; "the following diet orders do not expire and no renewal is needed."

2. On May 2, 2023 and June 14, 2023, Plaintiff filed a ("VA.DOC") written Complaint against ("ROSP") Food Service Staff and Medical Staff for their failure to Provide him a milk substitution Pursuant to Defendant Mr. Fox's June 25, 2021 no-milk medical diet order. →

[ROSP-23-INF-01608] and [ROSP-23-INF-02306]

3. On June 16, 2023, Defendant Mr. Fox conducted a ("ROSP") Medical visit with Plaintiff. Defendant Mr. Fox stated to Plaintiff the visit was a follow up about Plaintiff's Complaints against ("ROSP") Food Service staff and Medical Staff failure to Provide Plaintiff a substitute for his no-milk Medical diet order. Defendant Mr. Fox also informed Plaintiff that he after consulting with ("ROSP") Medical Department Nurse Ms. L. N. Holbrook and un stated name dietician that he on June 14, 2023, rescinded the June 25, 2021 medical diet order.

## RELIEF

Against Defendant Mr. K. Fox, Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in Punitive damages for his violation of the U.S.-Constitution First Amendment-Petition clause.

## CLAIM M

Plaintiff alleges: "(1) Defendant Ms. M. Hamilton in her individual capacity acting under color of State law as ("VA.DOC")/("ROSP") Medical Department Nurse employee manufactured false inculpatory evidence which led to his unreasonable seizure and to his Prison disciplinary hearing guilty decision→

in violation of the U.S. Constitution 4th Amendment/ 14th Amendment; (2) Defendant initiated the Prison disciplinary offense charge that led to his seizure from August 19, 2022 to December 19, 2023, (3) the Prison disciplinary offense charge successful termination in favor of Plaintiff, (4) lack of Probable Cause to bring the Prison disciplinary offense charge, (5) Defendant acted with malice, and (6) Defendant Caused Plaintiff's damage.

## FACTS

1. On July 20, 2022, at approx., 10:15 AM Defendant Ms. Hamilton initiated a ("VA.DOC") Disciplinary Offense Report against Plaintiff charging him with violating OP861.1, offense Code 119(A), by filing the charge with ("ROSP") employee Captain Mr.- C.C. Gilbert. [Case No. ROSP-2022-1397].

2. At the August 19, 2022, Prison disciplinary hearing, Defendant Ms. Hamilton testified that ("VA.DOC")/ ("ROSP") Medical Department is no longer offering Chest X-Rays for the Tuberculosis ("TB") testing due to Change in Policy. [Hearing Tape # ROSP-2022-1397 / Decision of The Hearing Officer, Case #ROSP-2022-1397.

3. Plaintiff Produced ("VA.DOC") Policy- OP 740.1 that governs the issue at the hearing, that did not say ("VA.DOC") is no longer offering chest X-Rays. [Hearing Tape # supra..] Plaintiff also requested new alleged Policy to be produced at the Hearing that specifically stated ("VA.DOC")/("ROSP") does not do chest X-Rays anymore. Hearing Officer Ms. Ramey determine the requested new alleged Policy was relevant and it would be produced at the hearing. [Request For Documentary Evidence, Case # ROSP-2022-1397]. The alleged new Policy was not produced at the hearing, and was not made Apart of the Prison disciplinary hearing Appeal record. [Hearing Tape # supra.,; Disciplinary Appeal Level one and Two, Case # ROSP-2022-1397].

4. Hearing officer Ms. Ramey in finding Plaintiff guilty of the charge relied on Defendant's Ms. Hamilton's testimony that ("VA.DOC") / ("ROSP") does not do chest X-Rays any more due to change in Policy. [Decision of Hearing officer Case # supra..]

5. Hearing Officer Ms. Ramey imposed a 90 day loss of good time as the penalty on August 19, 2022. [Decision of Hearing Officer Case # supra.,]

6. From August 19, 2022 until December 19, 2023, the date ("VA.DOC") Director Mr. Dotson overturn Plaintiff's Prison disciplinary Charge, ("VA. DOC") Staff/ ("ROSP") held Plaintiff under the guilty status.

## RELIEF

Against Defendant Ms. M. Hamilton, Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in Punitive damages, For the violation of his U.S. Constitution 4th / 14th Amendments.

## CLAIM N

Plaintiff alleges: "(1) Defendant(s) Ms. M. Hamilton, C. C. Gilbert, Grubb, K. D. Ramey, S. Day, R. White, and C. A. Manis in their individual Capacity acting under Color of State laws as ("VA. DOC")/("ROSP") employees enforced relevant Federal/State Tuberculosis ("TB") testing laws and ("VA.DOC") OP861.1- offense Code 119 (A) against Plaintiff in violation of U.S. Constitution 14th Amendment, (2) the U.S. Constitution 14th Amendment grants Plaintiff the Privilege or immunity to refuse medical treatment, (3) Federal statute 42→

U.S.C. Section 2000cc-1 et seq., ("RLUIPA") grants Plaintiff the privilege or immunity to request the less restrictive means to any Federal and State laws or State agent policies upon religious grounds, and (4) when the right to refuse medical treatment is construed with ("RLUIPA's") right to request the less restrictive means upon religious ground, Plaintiff had the privilege or immunity to Defendant(s) enforcement of relevant Federal / State ("TB") testing laws and ("VA.DOC") Policy-OP861.1, offense Code 119(A).

## FACTS

1. On July 20, 2022, Defendant ("ROSP") Medical Department Nurse Ms. M. Hamilton Filed a ("VA.DOC") Policy-OP861.1. Disciplinary offense Report against Plaintiff, charging him with violating offense Code 119 (A). [Case#ROSP-2022-1397]

2. Defendant ("ROSP") employee Captain Mr. C.C. Gilbert certified the charge. [Case#ROSP-2022-1397]. Defendant ("ROSP") employee Sergeant Grubb served Plaintiff the charge. [Case#supra.]

3. At the Prison disciplinary hearing, Defendant Ms. Hamilton testified Federal and State law required that Plaintiff be tested for ("TB") and after Plaintiff's second refusal, the charge was written according to Policy-OP861.1. [Hearing Tape #ROSP-2022-1397 / Decision of the Hearing Officer, Case #ROSP-2022-1397]

4. Defendant K.D. Ramey ("ROSP") employee hearing officer found Plaintiff guilty of the charge. [Decision of The Hearing officer, Case #supra.]

5. Defendant ("ROSP") employee Mr. S. Day Conducted the institutional review for the charge, and approved the hearing officer's decision. [Decision of The Hearing officer, Case #Supra.]

6. Plaintiff appealed the guilty decision to Defendant ("ROSP") employee Warden Mr. R. White, who upheld the guilty decision. [Level One Appeal, Case #ROSP-2022-1397, october 19, 2022]

7. Plaintiff also appealed the guilty decision to Defendant ("VA.DOC") employee Regional Administrator Mr. C. A. Manis, who upheld the guilty decision. [Level Two Appeal Case #ROSP-2022-1397, Log# 22-1164, December 16, 2022]

## RELIEF

Against each Defendant individually, Plaintiff request $251,000.00 in Compensatory damages and $251,000.00 in punitive damages for their enforcement of said laws and Policy in violation of the U.S. Constitution 14th Amendment.

## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS UNDER 28 U.S.C § 1367

## CLAIM O

Plaintiff alleges: "(1) Defendant(s) T. Fletcher, M. Owens, K. Almarode and N. Keeney as ("VA.DOC")/("ROSP") Food Service Department employees interfered with and failed to carry out his serious medical No-milk diet order with deliberate indifference in violation of →

Virginia Constitution Article 1, Section 9, cruel and unusal punishment clause, (2) Defendants had actual knowledge of the serious medical No-milk diet order and (3) Defendants disregarded it by failure to provide a substitution for the no-milk diet.

## FACTS

1. Please see Claim H, facts at number 1-11. Plaintiff rely on the facts alleged in his claim H, numbers 1-11, for his Claim O facts and incorparate said facts into claim O, by reference. **RELIEF**: Against each Defendant Plaintiff request $25,000.00 in compensatory damages / $25,000.00 In punitive damages for their violation of Va. Const. Art. 1, § 9.

## CLAIM P

Plaintiff alleges: "(1) Defendant Mr. K. Fox as ("VA.DOC")/("ROSP") Medical Department employee Doctor interfered with Plaintiff's serious medical No-milk and no-eggs diet order with deliberate indifference in violation of Virginia Constitution Article 1, Section 9, cruel and unusal Punishment clause, (2) Defendant had actual knowledge of the serious medical diet order, and (3) Defendant disregarded it by rescinding the →

medical diet order that had no expiration date.

## FACTS

1. Please see claim J, Facts at numbers 1-3. Plaintiff rely on the facts alleged in his claim J, numbers 1-3, for his claim P, Facts and incorporate said facts into claim P, by reference.

## RELIEF

Against Defendant Mr. K. Fox, Plaintiff request $25,000.00 in Compensatory damages and $25,000.00 in Punitive damages for the violation of Virginia Constitution Article 1, Section 9.

## CLAIM Q

Plaintiff alleges: "(1) Defendant Commonwealth of Virginia through its state agencies ("VA. DOC"), Health Care Provider - Vital Core Health and ("ROSP") employees tortious conspired together to procure a breach of contract between the U.S. Federal Government, the Defendant, the Health Care Provider and the Plaintiff,

third-Party beneficiary.

## FACTS

1. Defendant Commonwealth of Virginia has enter into a Contract with the U.S. Federal Government under 42 U.S.C. Section 2000cc-1, The Religious Land Use and Institutionalized Person Act ("RLUIPA"). One of the terms of the ("RLUIPA") Contract, to receive Federal funding for its state agency ("VA DOC") religious programs, the Defendant etc., is prohibited from putting a substantial burden on the ("VA.DOC") inmate's religion practice/beliefs, unless the burden is the least restrictive means.

2. Defendant has enter into a Contract with Health Care Provider - Vital Core Health, 719 South West Van buren Street, Suite 100, Topeka Kansas, 66603. One of the terms of the Contract is to provide Medical Care Service to the ("VA. DOC") inmates who are incarcerated at ("ROSP").

3. On July 11th/20th of 2022, ("VA.DOC"), ("ROSP") and Health Care Provider employee Nurse Ms. M-Hamilton, RN requested Plaintiff to participate in the yearly testing for Tuberculosis ("TB").

4. On July 11th/20th of 2022, Plaintiff refused to take the skin injection chemical test upon religious grounds, but requested to take a chest X-Ray as he had received in Years 2019, 2020 and 2021. On July 11th/20th, Plaintiff informed Nurse Ms. Hamilton that his ("VA.DOC") / ("ROSP") Medical Department records would verify that ("VA.DOC")/("ROSP") Medical Department had provided him a chest X-Ray as an alternative for the skin injection chemical test for religious reasons.

5. Nurse Ms. Hamilton verified that Plaintiff's ("VA.DOC")/("ROSP") Medical Department records shows Prison Medical Department in Years 2019, 2020 and 2021 provided Plaintiff chest X-Rays as an alternative for the skin injection chemical test, but she could no longer offer Plaintiff the chest X-Ray due to Policy change. [Decision of The Hearing Officer, Case #ROSP-2022-1397].

6. From July 11, 2022, until April 28, 2024, the date of this Complaint and continuing, the Defendant Commonwealth of Virginia via said agents has not provider Plaintiff a least restrictive means to test him for ("TB") to comply with said contracts.

7. Pursuant to Virginia Civil Code Section 8.01-195.1 et seq., ("Virginia Tort Claim Act"), on March 29, 2023, Plaintiff mailed his Notice of Claim to VA. Dept. of Risk Manasment and to the VA. Attorney General.

8. The Property to which Plaintiff has lost or has been destroyed are as follows: "Third-Party Beneficiary Contract Medical Care Property rights and third-Party Beneficiary Contract religious property rights.

9. From July 11, 2022 and on-going, the injury Plaintiff has sustained are: mental anguish, Emotional distress and Psychological damage, derived from Defendant's agents actions.

# RELIEF

As a direct and Proximate cause of state employee's actions and inactions, Against Defendant Commonwealth of Virginia, Plaintiff seeks damage in the amount of $100,000.00 for said tortious Conspiracy to procure a breach of contract.

Respectfully Submitted,

DATE: 4/28/24 Kevin A. Watson

Kevin A. Watson, #1003366
Pro-se Plaintiff
VA. DOC Central Mail Distribution Center
3521 Woods Way
State Farm, VA. 23160

KEVIN A. WATSON, #1003366
Red Onion State Prison
P.O. Box 970
Pound, VA. 24279

VA DEPTARTMENT OF CORRECTIONS
HAS NEITHER CENSORED OR INSPECTED
ITEM THEREFORE THE DEPARTMENT DOES
NOT ASSUME ANY RESPONSIBILITY
FOR IT'S CONTENTS

US POSTAGE IMI PITNEY BOWES
ZIP 24279 $ 011.00[0]
02 4W
0000366944 MAY 02 2024

"OFFICE OF THE CLERK"
United States District Court
Attn: Laura Austin, clerk
210 Franklin Road, Room 540
Roanoke, VA. 24011

UNITED STATES POSTAL SERVICE ®
USPS TRACKING #
9114 9999 4431 4768 6346 96
LAB400R Aug. 2013
7690-17-000-0669

PRIORITY MAIL
TRACKED ★ ★ ★ INSURED ★
UNITED STATES POSTAL SERVICE ®
For Domestic and International Use
Label 107R, May 2014

RECEIVED
MAY 02 2024
MAILROOM