CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 19, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **KEVIN A. WATSON,** | ) |
| Plaintiff, | ) Case No. 7:24CV00298 |
| v. | ) **OPINION AND ORDER** |
| **M. HAMILTON, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Kevin Watson, Pro Se Plaintiff; Grace Morse McNelis,* FRITH ANDERSON + PEAKE, *P.C., Richmond, Virginia, for Defendant VitalCore Health Strategies LLC.*

Plaintiff Kevin Watson, an unrepresented Virginia inmate, brings this civil rights action under 42 U.S.C. § 1983, alleging, among other things, violations of his constitutional rights related to medical needs. Watson names VitalCore Health Strategies, LLC (VitalCore), as one among many defendants.[1] VitalCore, through counsel, has filed a Motion to Dismiss, and Watson has responded. After review of the parties' submissions, I will grant VitalCore's motion.

At the time that Watson's claims arose, he was incarcerated at Red Onion State Prison (Red Onion), a facility operated by the Virginia Department of Corrections (VDOC). In Claim Q of the Complaint, Watson alleges that he is a

---

[1] Through counsel, the named defendants have submitted a Joint Motion to Dismiss or, in the alternative, Motion to Sever, that I will address in a separate opinion.

third-party beneficiary of a contract held between the VDOC and VitalCore for medical care to Red Onion inmates. Specifically, Watson alleges that VitalCore engaged in a "tortious conspiracy to procure a breach of contract." Compl. 53, ECF No. 1. Attached to the Memorandum in Support of Motion to Dismiss is a copy of VitalCore's executed, redacted contract with the VDOC, dated December 12, 2021, for providing medical services at various correctional facilities throughout Virginia.[2] As reflected on page one of the contract. Red Onion is not one of the prisons for which VitalCore contracted with VDOC to provide comprehensive medical services to inmates.

In response to the defendant's motion, Watson concedes that Red Onion is not included as one of the facilities at which VitalCore agreed to provide medical care to VDOC inmates. Therefore, he also concedes that this defendant's Motion to Dismiss should be granted under Rule 12(b)(6).

Accordingly, it is **ORDERED** that the Motion to Dismiss, ECF No. 37, by defendant VitalCore Health Strategies, LLC, is GRANTED; the claims against this defendant are DISMISSED WITH PREJUDICE; and the Clerk shall terminate this defendant as a party to this lawsuit.

---

[2] A motion to dismiss tests the sufficiency of a complaint, with the court's evaluation generally limited to a review of the allegations of the complaint itself. However, the court may also consider documents that are explicitly incorporated into the complaint by reference without converting the motion to one seeking summary judgment under Rule 56(a). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

ENTER: August 19, 2025

/s/ JAMES P. JONES
Senior United States District Judge