CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 20, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **KEVIN A. WATSON,** | ) |
| | ) |
| Plaintiff, | ) Case No. 7:24CV00298 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **M. HAMILTON, ET AL.,** | ) Judge James P. Jones |
| | ) |
| Defendants. | ) |

*Kevin Watson, Pro Se Plaintiff; Laura Maughan,* Sands Anderson PC, *Richmond, Virginia, for Defendant Dr. Fox; Ann-Marie White Rene and Caitlyn B. Switzer,* Office of the Attorney General, Criminal Justice & Public Safety Division, *Richmond, Virginia, for all other Defendants.*

Plaintiff Kevin Watson, an unrepresented Virginia inmate, brings this civil rights action under 42 U.S.C. § 1983 against multiple defendants, alleging numerous violations of his constitutional rights and violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Through counsel, the defendants have filed a Joint Motion to Dismiss, or in the alternative, Motion to Sever.[1] More specifically, the defendants move the court to dismiss without prejudice all claims

---

[1] Although represented by separate counsel, the defendants, acting jointly, submit this motion. Defendant Dr. Fox is represented by Laura Maughan, while Ann-Marie White Rene represents the other defendants: K. Almarode, the Commonwealth of Virginia, S. Day, Mr. C. Dotson, A. Duncan, M. E. Engelke (misidentified in the complaint as M. E. Englke), T. Fletcher, C. C. Gilbert, Grubb, L. N. Holbrook, N. Keeney, C. A. Manis, M. Owens, K.D. Ramey, Mr. D. Trent, Mr. White, and M. Hamilton. Defendant VitalCore Health Strategies (misidentified in the Complaint as Vital Core Health) has also filed a Motion to Dismiss, which has been addressed in a separate Opinion and Order.

and Defendants improperly joined with Watson's first-in-time allegations as raised in his Complaint, in violation of Rule 20(a) of the Federal Rules of Civil Procedure. In the alternative, the defendants move to sever the improperly joined claims to allow for Watson to re-file his claims in accordance with Rule 20 and the filing costs requirement of the Prison Litigation Reform Act (PLRA). Watson has responded, making the motions ripe for consideration. Watson has also filed motions seeking disposition of the defendants' motion.

The defendants' Joint Motion has liberally construed Watson's Complaint as raising these claims:

**Claim A:** Defendant Hamilton retaliated against Watson by filing a disciplinary charge against him for refusing a skin injection TB test at Red Onion State Prison (ROSP), in violation of the Plaintiff's First Amendment rights. Compl. 3, ECF No. 1.

**Claim B:** Defendant Ramey retaliated against Watson by finding him guilty at his disciplinary hearing for the charge of refusing the TB test at ROSP, in violation of Watson's First Amendment rights. *Id*. at 8-9.

**Claim C:** Defendant White violated Watson's RLUIPA and/or Fourteenth Amendment rights by failing to investigate and correct the fact that Watson had been charged and convicted of a disciplinary conviction for refusing the TB test. *Id*. at 13.

**Claim D:** Defendant Manis violated Watson's RLUIPA and/or Fourteenth Amendment rights by failing to investigate and correct the fact that Watson had been charged and convicted of a disciplinary conviction for refusing the TB test. *Id*. at 15-16.

**Claim E:** Defendant Dotson violated Watson's RLUIPA rights by failing to provide for an alternative type of TB test that is not a "skin injection chemical test." *Id*. at 18.

**Claim F:** Defendants Hamilton, Holbrook, Trent and Duncan conspired among themselves to violate Watson's equal protection rights by refusing to provide him with an alternative to the TB skin injection test. *Id*. at 20.

**Claim G:** Defendant Engelke violated Watson's RLUIPA and First Amendment rights by refusing to approve his request for a religious diet that is free from "harmful food." *Id*. at 24-25.

**Claim H:** Defendants Fletcher, Owens, Almarode, and Keeney were deliberately indifferent to Watson's medical needs when they "interfered with and failed to carry out" Watson's medical diet order of no milk, in violation of his Eighth Amendment rights. *Id*. at 27.

**Claim I:** Defendants John and/or Jane Doe "interfered with" Watson's medical diet order of no milk, in violation of his Eighth Amendment rights. *Id*. at 33.

**Claim J:** Defendant Dr. Fox was deliberately indifferent to Watson's serious medical needs when he rescinded Watson's no milk and no eggs diet order. *Id*. at 36-37.

**Claim K**: Defendant Owens retaliated against Watson in violation of the First Amendment by serving him eggs despite his no eggs diet order. *Id*. at 38.

**Claim L:** Defendant Dr. Fox retaliated against Watson in violation of the First Amendment by rescinding Watson's no eggs and no milk diet order. *Id*. at 39-40.

**Claim M:** Defendant Hamilton violated Watson's Fourth and Fourteenth Amendment rights by "manufactu[ring] false inculpatory evidence which led to [Watson's] unreasonable seizure and to his prison disciplinary hearing guilty decision." *Id*. at 41-42.

> **Claim N:** Defendants Hamilton, Gilbert, Grubb, Ramey, Day, White, and Manis violated Watson's Fourteenth Amendment and/or RLUIPA rights by charging, convicting, and/or upholding Watson's disciplinary conviction for refusing the TB skin injection test. *Id*. at 44-45.
>
> **Claim O:** Defendants Fletcher, Owens, Almarode, and Keeney violated Watson's rights under Article I, Section 9 of the Virginia Constitution by serving Watson milk despite his no milk diet order. *Id*. at 48.
>
> **Claim P:** Defendant Dr. Fox violated Watson's rights under Article I, Section 9 of the Virginia Constitution by rescinding Watson's no milk and no egg diet order. *Id*. at 48-49.
>
> **Claim Q:** The Commonwealth of Virginia breached a RLUIPA contract with the federal government, "the Defendant Healthcare Provider and [Watson as a] third-party beneficiary" when Watson was not provided an alternative to the TB skin injection test. *Id*. at 49-53.

Mem. Supp. Joint Mot. Dismiss or Sever 4-6, ECF No. 27 (citation modified).[2]

Courts have uniformly held that parties are misjoined when they fail to meet the standard for permissive joinder in Federal Rule of Civil Procedure 20(a). *Hanna v. Gravett*, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003) (collecting cases). Rule 20(a) states that persons may be joined as defendants in one action if they satisfy two conditions: (1) "any right to relief is asserted against them jointly, severally, or in

---

[2] The defendants' construction of Watson's claims in the Complaint, and my adoption of that construction in this Order, do not reflect any agreement by the defendants or by me that Watson's allegations, so grouped, state cognizable claims for relief against the listed defendants.

the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A) – (B).  Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper.  *Moore v. Squire*, No. 7:23-CV-00439, 2023 WL 5095696, at *1 (W.D. Va. Aug. 9, 2023).

The defendants argue that Watson's claims are misjoined, but they assert that his claims, regrouped into three separate lawsuits, could satisfy Rule 20(a).  In his response Watson does not dispute the defendants' characterization of his claims, their arguments that his claims are not properly joined, or the defendants' proposed severance of claims and defendants.  Resp. Mot. Dismiss, ECF No. 41.  Indeed, Watson has indicated that he will consent to severance of his claims in this manner.

After review of the record, I conclude that the defendants' motion is appropriately granted in part and denied in part.  Because "[m]isjoinder of parties is not a ground for dismissing an action," Fed. R. Civ. P. 21, I will not dismiss any claims at this time.  Rather, I will sever the claims in the case into three separate lawsuits — this case and two new cases that are yet to be opened.  My Order will define which claims and defendants may continue in each case.  I will dismiss Watson's pending motions as moot.

When presiding over a prisoner-filed civil action, I must comply with statutes applicable to such cases. A provision of the PLRA, 28 U.S.C. § 1915(b), requires a prisoner plaintiff to pay the filing fee for any civil action filed federal court. *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006) (explaining that Congress enacted the PLRA with the intent that inmates pay filing fees). It is well established that Congress enacted the PLRA as a means of deterring frivolous prisoner lawsuits by imposing economic costs on prisoners wishing to bring civil cases. "[U]nrelated claims against different defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendant[] suits . . . , but also to ensure that prisoners pay all fees required under the [PLRA]." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citation omitted). Therefore, in severing Watson's claims for misjoinder of defendants, I will also enforce the intent of the PLRA by requiring him to consent to pay the filing fee for each of the two new lawsuits if he intends to pursue his severed claims. Again, Watson has not objected to this procedure.

Finally, even if there were no misjoinder in this case, I conclude that severance would be appropriate. Allowing all of Watson's claims to proceed in a single lawsuit, when they challenge different aspects of his confinement conditions and unrelated actions by different groups of defendants, would make that lawsuit unwieldy and inefficient, contrary to the purposes of the PLRA. Rule 21 of the

Federal Rules of Civil Procedure grants a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21. *Rise v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) ("It is within the district court's broad discretion whether to sever a claim under Rule 21.").

For the stated reasons, it is hereby **ORDERED** as follows:

The defendants' Joint Motion to Dismiss, or in the alternative, Motion to Sever, ECF No. 26, is GRANTED IN PART AND DENIED IN PART. The motion is denied to the extent that it seeks dismissal of any claims for misjoinder. In the alternative, the Motion to Sever is granted. Watson's two pending motions, ECF Nos. 52 and 57, are DISMISSED as moot.

This case is SEVERED into a total of three cases (this case and two new cases). The Clerk is DIRECTED to open two new cases and to conditionally file a copy of the Complaint, ECF No. 1, in each new case, along with a copy of this Opinion and Order, with each case to include the groups of claims as listed below. In each new civil action, the Clerk is further DIRECTED to declare in the first docket entry, in bold type, the claims that will constitute that case. The docket of each new case will include only the defendants to the claims in that case, as identified below.

The subject-matter of each case shall be as follows:

1. This case, No. 7:24CV00298, shall consist of Watson's Claims A, B, C, D, E, F, M, N, and Q against defendants Hamilton, Ramey, White, Manis, Dotson,

Holbrook, Trent, Gilbert, Grubb, Duncan, and the Commonwealth of Virginia, concerning Watson's refusal to take the TB test and the disciplinary charge that he received for refusing it. All other defendants may be terminated as parties to 7:24CV00298, as Watson's claims against such defendants will go forward in one of the new civil actions.

    2. The first new civil action shall include Watson's Claim G against defendant Engelke, concerning his involvement with Watson's request for a specific religious diet.

    3. The second new civil action shall include Watson's Claims H, I, J, K, L, O, P, against defendants Fox, Fletcher, Owens, Almarode, and Keeney, related to Watson's medical diet of no milk and eggs. This case should also list defendants John and/or Jane Doe on the docket. Watson is hereby notified that he has sixty days from the entry date of this Opinion and Order to obtain the names of these defendant(s) and file a Motion to Amend to add them to the lawsuit so that the court may attempt service of process upon them. If he fails to do so within the allotted time, all claims against the Doe defendants will be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m).

    *In each new case, the court will issue a conditional filing order directing Watson to execute and return a Consent to Fee form, indicating his intent to pursue the claims in that case.* If Watson does not want to pursue any of the three cases, he

may file a motion voluntarily dismissing that lawsuit. Watson should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous, malicious, or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) (holding that a dismissal of a suit, whether with or without prejudice, as frivolous, malicious, or for failure to state a claim, counts as a strike under the PLRA). After accumulating three strikes, a prisoner plaintiff cannot proceed with a new civil action in this court without prepayment of the filing costs unless he "is under imminent danger of serious physical injury." § 1915(g).

ENTER: August 20, 2025

/s/ JAMES P. JONES
Senior United States District Judge